# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
January 31, 2013

Lyle W. Cayce
Clerk

No. 12-40452
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JESUS CHAGOYA,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 7:11-CR-1240-1

Before BENAVIDES, HAYNES, and HIGGINSON, Circuit Judges.

PER CURIAM:[*]

Jesus Chagoya appeals his sentence following his guilty plea conviction for possession with the intent to distribute marijuana under 21 U.S.C. § 841. Chagoya argues that the district court reversibly erred in maintaining the increase in his offense level under U.S.S.G. § 2D1.1(b)(12) (2011), which provides for a two-level increase if the "defendant maintained a premises for the purpose of manufacturing or distributing a controlled substance." The application note provides, in relevant part, that "[a]mong the factors the court should consider in

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

determining whether the defendant 'maintained' the premises are (A) whether the defendant held a possessory interest in (e.g., owned or rented) the premises and (B) the extent to which the defendant controlled access to, or activities at, the premises." § 2D1.1, comment. (n.28).

This court reviews the district court's interpretation of the Sentencing Guidelines de novo and its factual findings for clear error. *United States v. Serfass*, 684 F.3d 548, 549 (5th Cir.), *cert. denied*, 133 S. Ct. 623 (2012). This court will not find clear error if the district court's finding is plausible in light of the record as a whole. *Id.* A finding of fact is clearly erroneous only if, after reviewing all of the evidence, this court is left with the "definite and firm conviction that a mistake has been committed." *Id.* (internal quotation marks and citation omitted).

Citing the recency of the § 2D1.1(b)(12) adjustment and the lack of controlling authority, Chagoya argues that this court should defer to cases such as *United States v. Morgan*, 117 F.3d 849, 856-58 (5th Cir. 1997), and *United States v. Soto-Silva*, 129 F.3d 340, 345-47 (5th Cir. 1997), which addressed the burden of proof required for convictions for maintaining a premises for the distribution of controlled substances under 21 U.S.C. § 856(a)(1). He further argues that such cases require a showing of "more than just dominion and control over the premises" and instead require a showing of "supervisory control."

When Congress directed the addition of the two-level enhancement later designated as § 2D1.1(b)(12), it specified that the enhancement was to apply to situations wherein the "defendant maintained an establishment for the manufacture or distribution of a controlled substance, *as generally described in section 416 of the Controlled Substances Act (21 U.S.C. 856*)." *See* Pub. L. No. 111-220, § 6(2) (2010) (emphasis added); *see also United States v. Miller*, 698 F.3d 699, 706 (8th Cir. 2012) (assuming that § 2D1.1(b)(12) has the same elements as the 21 U.S.C. § 856(a)(1) offense that it parallels).

No. 12-40452

However, even if Chagoya is correct in his assertion that cases interpreting § 856(a)(1) are relevant to the instant analysis, he has not provided any authority which shows that the district court clearly erred. In *Morgan*, 117 F.3d at 857, the court held that supervisory control over the premises was merely "one factor" that should be considered as probative of maintaining a premises; the court did not hold that it was the sole determinative factor. In the instant case, Chagoya resided at the premises, and he shared responsibility for the utilities and the expenses. Chagoya also controlled access to the premises, as evidenced by the fact that "Pepe" asked for Chagoya's permission to store the marijuana on the premises and the fact that Chagoya was to be compensated by Pepe. Chagoya's willingness to call Pepe to complain about the condition of the marijuana also suggests that he was in control of the premises. In sum, Chagoya has not shown that the district court clearly erred in assessing him an increase in offense level under § 2D1.1(b)(12). *See Serfass*, 684 F.3d at 549.

AFFIRMED.